Yes, Judge. My name is John Lusk. I represent the appellant defendant below. The issue in this case is whether or not an alleged probation search was constitutionally effected, and if not, whether all the evidence gathered from and the fruits of that evidence should have been suppressed by the district court. The magistrate judge in Las Vegas first considered this matter. He made findings and recommendations. The we, I, on behalf of the defendant, filed succinct, explicit objections to those findings. Thereafter, Chief Judge Proe adopted the findings. At no time was the defendant allowed even oral argument in the courts below. If the judges would indulge me, I'd like to ask some hypothetical questions. First of all, there's no question in this case, had my client not been on probation, this search without a warrant would have been unconstitutional. Secondly, had my client been on probation, but there was no condition allowing a search of his person and his property at any time by the probation officer, this search would have been unconstitutional. The only thing that creates the problem is that my client agreed to certain conditions in order to obtain probation and thus his freedom. The State offered, we'll give you your freedom, my client agreed, but we want something in return. My client agreed to consent to a search of his person and his residence. That's the terms of the probation agreement in this case. Now, exactly the extent of the consent that probationers under Nevada law give, I submit, should be determined by State law and how the State courts interpret the consent of probation officers. State law was not considered by the magistrate judge nor chief judge pro in the lower courts. In my brief, I have submitted a Nevada Supreme Court case where the court said that if my client agreed to a search of his person and his residence, he would be granted probation. If practical, the probation officer should obtain a probation warrant before search. Our attorney general has also issued an opinion concerning the scope and the application of consent clauses in probation agreements. Our attorney general says, if practical, get a warrant. None of that was considered nor spoken to nor rejected in the lower court. They didn't speak to that issue. I thought the Nevada Supreme Court, although they said you should get a warrant, in fact, they held a search in that case, right? That's correct. Okay. But let me – I've got to remember, it was on another ground. It wasn't the fact that there was no warrant. And, Judge, I apologize. I just cannot remember right now. Okay. So by relying on State law, are you conceding that you would lose if we apply Federal law? No. So what's your best case and why? Well, when you say Federal law, you know, I'm not sure exactly what you're talking about because the – Well, you're relying on decisions of the Nevada Supreme Court as applied to a Federal prisoner, right? Or a prisoner in this case. Well, to determine whether or not my client writes under the consent clause in his probation agreement has been violated. I mean, the Fourth Amendment protects a person from a search without a warrant. The only reason in this case that no warrant – I understand your argument. My question is, if State law does not apply to this particular search, do you lose, in your opinion? If the authorities you rely on, the Nevada Supreme Court authorities, are not applicable, do you concede you lose or do you think you win anyway? Yes. I think I win anyway. And that was going to be my next argument. Good. I'm glad I gave you a segue. Okay. As the facts, undisputed facts show, my client was arrested, put in handcuffs by the probation officer in the probation officer's office and was advised, you're under arrest for violations of your probation. Then the probation officer transported him across Las Vegas Valley to his residence. Apparently, the probation officer thought he needed to be present in order to search his residence. I submit that once you effect an arrest for probation violations, the probation contract between the probationee and the State is terminated. My client agreed that he would waive his Fourth Amendment rights. Let me ask you this. Yes. No judge has acted yet, right? So it could be that he's just gathering more evidence that would support the revocation of the probation. I mean, at this point, he has some evidence. I mean, if you can think of a small change in the facts, there could be a case, well, there's a little bit of evidence about a probation violation, but not a lot. We don't have any definitive answer that his probation will be revoked. I mean, so why does he have to stop the search at one particular point? Well, because he has deprived my client of his freedom, because my client is in custody. Isn't it possible that shortly thereafter, a judge could say, you made a mistake, probation shall continue? Yes, that's possible. Okay. Sure. But, you know, my point is that by taking him into custody, the probation officers under the probation agreement to search my client's residence located across Las Vegas Valley came to an end. He no longer has that. Otherwise, his right to search could go on after my client is in prison.  I was pausing the possibility that this might, this arrest may be a temporary State. Well, I mean, once. I mean, doesn't a judge have to act to actually revoke the probation? Yes. That is true. The normal scenario in Nevada is that a probation officer, if he wants to violate the probation need, will arrest the defendant and take him to Clark County Detention Center and book him. And he will remain in jail until the judge revokes his probation and sends him to prison. That is the standard procedure. There was one case that I did not cite in my brief. It was an en banc decision of this circuit. The name of the case is U.S. v. Crawford. 372 Fed 3rd, 1048. That case is a California State probation case. It was affirmed, and the search, actually, it was a confession that was obtained after the probation search that was sought to be suppressed. And the lower court refused to suppress it, and the defendant appealed. The Ninth Circuit, the majority affirmed the court's denial of the suppression, but assumed, for purposes of the argument, that the probation search was illegal, because it was not within the interpretation and application of California probation search clauses. And I just recommend that decision to this panel's consideration, because there was three or four judges, on that en banc panel, that dissented, and they ---- I think there were five. Okay. Judge. And the majority didn't reach the issue. The majority said it was attenuated. So they said we could assume that the search is illegal. Correct. Because it wasn't necessary to reach the issue. Correct. And five would have reached it and ruled against you. That's correct. That's correct. But in the analysis by the actually concurring as well as the dissenting judges, they looked, the authors of those opinions, looked to California law and how the California courts interpret their fourth waiver. I think that was the label put on the consent to search, namely, waiver of your Fourth Amendment. He's got a red light for a long time. Lastly, the issue brought up in my opening brief, as well as the reply, is the my client was sentenced while Booker was pending. And, of course, Booker has come out and now Ameline has come out and ---- And the client waived any right to appeal the sentence. In the plea agreement.  That's correct. So that's the question. That's the problem. Well, I know that there is a recent, I think September 30th, panel decision that analyzes it in terms of contract law and that, you know, the defendant receives something in return for waiving his right to appeal. There are unpublished panel decisions. Well, we don't follow unpublished opinions. We're bound by published opinions. Well, I don't think this panel is bound by another panel, is it? Okay. Okay. Well, thank you. Your time has expired, sir. Okay. Thank you. I thought I was going to be brief. I apologize. All right. Good morning, and may it please the Court. My name is Patrick Walsh, and I'm arguing on behalf of Appellee of the United States. United States v. Knights, the Supreme Court decision is controlling in this matter, and the magistrate judge and the district court judge got it right. There was no need for an evidentiary hearing in this case because the parties agreed on the facts that were important to the judge's decision. In fact, the facts were boiled down in just three paragraphs in the magistrate judge's report and recommendation. There were the defendant had a felony conviction for the sale of drugs. The search clause, which was even broader than that in United States v. Knights, permitted a search at any time deemed necessary by the probation officer. The defendant ---- This is a search clause in a Nevada agreement. That's right. Is it a Nevada state crime? Correct. Okay. So do we pay any attention to what Nevada law is on the subject of what that clause means? The court clearly should pay attention to the scope of the clause written in itself, but I think the decisions in United States v. Chavez-Vernaza and also in United States v. Cormier suggest that the court looks only to Federal law in determining whether to apply an exclusionary rule. And so here the court should look to the Federal law. Well, I don't know what that means. I suppose the Nevada clause said you can't search without a warrant. So there would be no search clause at all? No, there's a search clause that says you can search for very little reason, but you have to get a ---- you can search on reasonable suspicion instead of probable cause, but you have to get a warrant that finds it reasonable suspicion. Then I think the court would then look to that clause and would only uphold a search if it complied with the clause written in the probation search condition, if there was no other reason to justify the search. So you say we do look, then, to Nevada law to see whether the clause authorizes the search, whether the search would be consistent with the clause? You would look at the clause itself authorizing the search, which I deem a contract between the court and the defendant than to how Nevada law interprets that clause. And so what's your answer? Pardon me? What's your answer? I don't think you still answered Judge Reinhart's question. I mean, it seems to me that when we're dealing with a ---- at this point a person on State probation, that the scope of the clause has to be interpreted under State law, and then, of course, you apply Federal law, an exclusionary rule, as you've indicated. But do you disagree with that? I believe that Chavez-Vernaza would disagree with that, because they ---- that court stated that we should only look at Federal law. And in the cases that interpret that say it follows State law, only Federal law compels that requirement, for example, for search incident to arrest. However, on this case, I think it's somewhat irrelevant, because Nevada's ---- the authority cited by appellant in this case doesn't require that a warrant be obtained. First of all, both authority was decided before United States v. Knights and dealt with the system where you're looking at investigative and probationary distinctions. The Attorney General opinion is just that. It's an opinion. In Nevada, it is not binding authority and is not authority for courts to uphold or deny a search or apply the exclusionary rule. Even Sim v. State is very dubious authority. In that case, the Court did uphold a warrantless search. This was a search of a warehouse. The defendant wasn't even present when the search was there. Neither was the defendant's probation officer. There was another probation officer, and the search was done by law enforcement authorities. It was a search for two cars that may have been stolen in a warehouse. The Court did say in dicta, and it clearly was dicta, because the Court began that sentence that Appellant cites, too, with the words, it seems compatible with our correctional system. And it also said it's desirable for a probation officer to obtain a probationary warrant. But clearly, that's not binding authority. Clearly, that's not language saying we hold that a probation officer must obtain a warrant. So you're suggesting maybe we should certify this question to the Nevada Supreme Court? Not at all. Since there is no authority before this Court to suggest that Nevada requires a warrant be obtained, you should follow the holding in United States v. Knights. Knights also, and then this, the Knight Circuit's opinion in Stokes, didn't say that in Knights it was a State conviction that they were under as well. In United States v. Knights, they didn't say we should look to State law to see if the search was okay in State law. They just read the clause, which allowed searches based on reasonable cause, and then they applied the facts and determined if under Federal law, reasonable cause existed. United States v. Knights never asked the question. Kennedy. There was no dispute as to what the clause meant under State law in that case. Here, there's assumed there's a dispute as to the meaning of the clause under State law. The – if there is a dispute and your opposing counsel says under State law this clause means you can search if you have a warrant, how do we resolve that? Does it not matter what the clause means under State law? I think it does not matter, but here the Court has no – If you're relying on the clause, then I don't see how you can say that you don't have to understand what the clause means if it's a State clause, you know, under State law, that you don't have to determine what that clause means under State law. If you rely on the clause. If I could turn the question back, Your Honor. The State clause says that the – No, you can't do that. The State clause clearly says that a probation officer can search at any time deemed necessary by the probation officer. Right. But I think the question is, may a Supreme Court or a legislature modify or construe the effect, the limits of consent that probationers give and have that to be effective? In other words, if the search were in violation of State law because it exceeded the scope of consent that was permitted under State law, can we enforce it as a consensual search under Federal law under these circumstances? Well, Chavez-Vernaza and Cormier suggest that Federal law would apply. But here, there is absolutely zero evidence that this violates State law. Just the specter raised by appellant that there's a case that states in Ditka, a case that decided the exact opposite way that suggests that it might be a warrant may need to be obtained if it's practicable to do so. And in that case, it was clearly practicable for them to obtain a warrant because the defendant wasn't even present at the warehouse. The defendant didn't have control of the warehouse. So that's the only authority for that is a side note in a Supreme Court case from 1979, a State Supreme Court case, that decided the exact opposite. So without any authority, if there was authority that this violated, clearly, appellant's counsel would have raised it below and raised it before this Court. So, wow. That issue is one that does not need to be addressed in this case, because clearly under United States v. Knights, there was at least reasonable suspicion here. And the balancing interest here is favored even more than United States v. Knights because they required reasonable cause to search in that case. And here, they could search at any time deemed necessary. So therefore, the diminished privacy interest of the defendant is even less. Arguably in that case. But clearly, even if it wasn't, this falls right squarely in United States v. Knights. The district court ruled correctly. And because there were no disputed issues of facts, the district court was right in not granting the defendant a hearing. Do you think you need a clause to support your position? Suppose there were no clause in the probation agreement and it was just a question of what do you need in order to search a probationer's home? Is it necessary to, in order to reduce the probable cause standard, to have an agreement from the probationer? I know there are some cases that suggest that there's inherent authority in probation officers to conduct home visits. So therefore, that might be a basis. In this case, we do have a very broad clause, which I think lends great support to our argument. It's arguable that we could do it with less. Okay. Thank you. Thank you. All right, counsel. The case, as you argued, will be submitted.
judges: Reinhardt, Thomas, Restani